We have with us this morning Judge Lynn Edelman of the Eastern District of Wisconsin. Welcome Lynn. Nice to be here. Our first case for argument this morning is Cochran v. Illinois State Toll Highway Authority. Mr. Cochran. Thank you, Your Honor. Good morning. Your Honors, I'm co-counsel for the appellant Jeffrey Cochran. The fact is that there are millions of interstate travelers, just like Jeff, who are paying hefty fines year after year for deliberate evasion, who didn't even realize they missed a toll until it was too late. There's something terribly wrong with this picture that cries out for justice, but you won't hear those cries if you place form over substance. In the next two minutes, I'd like to offer three observations that will sharpen our focus this morning. If you can hold your questions when we have questions. We're in charge. Thank you, Your Honor. We're just trying to use your time the best. I'm sorry. The first observation is we're not disputing the authority's right to charge reasonable tolls. We're challenging the policy for penalizing deliberate evasion. Second, we're focusing on the authority's toll evasion policy itself, not the tolls. What has any of this to do with the Constitution as opposed to being an argument for a legislature? It has everything to do with it, Your Honor. You call it procedural due process, which I don't comprehend, since the state offers a hearing. That's all due process requires. I'd like to answer that, Your Honor. That's the point of asking questions. First of all, when the authority added three violations and a grace period to the mix... I'm not asking about violations and grace periods. I'm asking about how this can be a procedural complaint when a hearing was offered. Obviously, Your Honor knows better than I that due process involves both an adequate notice and a meaningful opportunity to be heard. Because this policy they put together assumes the offender's knowledge in several ways that we specifically allege in the complaint. It makes the due process claim come alive. First, it becomes unconstitutionally... So why don't you just fess up that this is a substantive due process claim? No, Your Honor. It becomes unconstitutional. You're insisting it's procedures, and yet procedures were offered and not resorted to. That's my puzzlement. The question is whether the procedures are adequate, not whether they were offered, Your Honor. And the first argument we have is that they were unconstitutionally vague, the policy, because it invites arbitrary or discriminatory application. How do we say that? Well, we allege that hybrid ORT requires cash payers only to exit and re-enter the freeway continuously as they're traveling. Only Illinois residents were educated about how hybrid ORT... Now, hybrid, again, as we say in the brief, is not pure ORT where everybody just drives along on an open road, and even cash payers just get a bill, if you will, in the mail and notice that you have to pay so many tolls. But instead, it's hybrid in that cash payers are singled out to go off the freeway, not to slow down like the district court observed, but to go off. I'm from Wisconsin, and so is Judge Adelman. And speaking for myself, I figured out the system. That's a question of fact. Thank you for introducing that, Your Honor. Because in the complaint... It's very clear from the signage. I mean, one of your claims here is that the signs... They may want to use you as a witness, Your Honor. What I'm saying is that in the complaint, we take great pains... The question is, what's inadequate about the notice? There are signs. The ORT is publicly available to anyone who cares to learn about it before they travel. Are you not making a factual conclusion, Your Honor? No, I'm asking you what is inadequate about the notice. You said it's a procedural due process claim, so there has to be something inadequate about the notice or inadequate about the process. It is incomprehensible to those who are unfamiliar with hybrid ORT, as my son is, in that there is a huge body of science, including Bayesian inference, that says you can have a 100-foot-sized sign that says, Turn Here. But if your whole life you've always been conditioned that you only pay when you're done on the freeway and you're exiting, and you can't miss it, by the way. You go through this little toll booth, or else you're going to break the thing. Then all of a sudden, trust me, it happened to me the first time I came to Chicago. So the system is unconstitutional as applied to anybody not from Illinois? No, as applied to... This is a purported class action. It's applied to all interstate users. By the way, we sometimes forget that this is one leak in the eastern interstate system, started by the federal highway system. Okay? So there's full knowledge by the authority that there are travelers coming from other states who may or may not be familiar with hybrid ORT, i.e., if I'm paying cash, I have to exit and reenter, even though I'm not done. You don't exit and reenter. You pull off to the side and pass through the toll booth. With all due respect, Your Honor... If you have a transponder, you stay to the left in the open road. If you don't have a transponder, you pull to the right. That's what the sign tells everybody on the road to do. Sounds like they have their second witness. You're missing the point, with all due respect. This is a factual issue. The question is, do we allege something that's plausible in the complaint to make it a genuine issue of fact? And we say that we have, because we're going to have an expert, maybe more than one. We already have one. Aren't you presumed to know the law in the state you're in? Only if it's a traffic law, Your Honor. That's one of the mistakes the authority has made to confuse the situation. Why? This is not a traffic law. Does Illinois have to post a sign at the border containing a copy of its criminal code? This is not the criminal code. That's the very point I'm making. Why is the criminal code any different? Counsel, why, for the purpose of the Constitution, is the criminal code or the law about adulterated drugs or the rule against securities fraud any different from the rule about how highway tolls are paid? Because this is not that situation. I totally agree with you. If that were the offense, this is basically not about the privilege of having a driver's license. Let's try this a different way. Do you have any decision of the Supreme Court or a court of appeals holding that for this purpose, the highway code is different from the securities law code? You don't even need that. The state of Illinois itself has two different statutes, Your Honor. If you think you don't need authority, you're in deep trouble. Well, Your Honor, first of all, there's two different statutes. There's the vehicle code, which is what you guys are talking about. All the scenarios you're involving are premised upon the privilege of having a driver's license. So when you come into Illinois on this highway, you're presumed to have knowledge of the traffic laws. This is not that case. We're not doing it by privilege. We're paying for the right to go across your state on this part of the interstate, and it's more contractual in nature than safety code or driving code. That is very important in order to make a correct, we believe, decision about this. And keep in mind, we're talking about the very first stage of a summary dismissal based upon what we're alleging. Again, we take great pains to say that there is a factual question that will be a battle of the experts as to whether it is comprehensible. When your whole life you're conditioned, you only pay when you get off. By the way, the complaint says this is not just about Jeff. We did an internet search, and it's a huge problem. Many, many people, you can almost, in fact, we put two examples in the complaint. So again, this is a claim that the system is unconstitutional for everybody who lives outside of Illinois and is not conditioned to the system. Right, because of inadequate notice. But for Illinois people, inadequate notice is provided. Illinois residents only were educated in 2000, whenever that happens, early 2000, I think, about this hybrid system. They went through, they spent lots of money, the authority did, to educate because it's confusing. By the way, they acknowledged this problem very openly on their website and other media that cash payers- What part of due process requires the state to educate the users of its highway system? None. About how the system operates? None. But once you do that, just like once you introduce the grace period, you cannot, you have to treat people equally under the Constitution, under the 14th Amendment. If they educate the citizens about how to use this, but then don't offer the same education, and by the way, we're not talking something that costs them millions to do, we're talking about a notice when you come into- Basic education, K-12, doesn't educate anybody who lives in Ohio. Has it violated the Constitution? No, because we're having education in Ohio. You're missing the point that we're in interstate travel, which is a fundamental right. We're not saying it rises to a substantive level, but this is a fundamental right of interstate travel, which deserves protection. You do agree that we deserve protection of due process and equal protection. It sounds like you're saying it rises to that level, and we say very emphatically that it does, both because of the fact that there's not, it's unconstitutionally vague in terms of requiring for people to know that aren't educated about getting off and on when they're conditioned that you only get off when you pay. The authority is fully aware of the problem. It includes- Thank you, Counselor. Oh, I see my time is up. Thank you. Mr. Beacott. May it please the Court. My name is Frank Beazette, and I represent the Toll Highway Authority. This Court should affirm the dismissal of Cochran's Section 1983 claims because he did not state a facially plausible claim for a violation of either his right to procedural due process or equal protection. Turning to due process, the two essential requirements of procedural due process are notice and an opportunity to be heard. A notice must be reasonably calculated to apprise the parties of the pending action and an opportunity to be heard. Here, there's no dispute that the authority sent Cochran a notice of toll violation, which informed him of the pending fines and how to contest them at a hearing. As to the plaintiff, he did not challenge any of the procedural components of the hearing process. Rather, he complains that a hearing would have been meaningless because he would not have been able to prevail on his preferred defense that he did not intend to miss the tolls. Counsel, to the extent that I can understand the due process claim, it's a little bit different than what you're addressing right now. I think what the plaintiff is arguing is that the authority did not tell him how to pay in cash while you're driving along the highway because people from other states aren't preconditioned or educated into how the system operates. He does argue that the authority did not adequately inform him of how to pay tolls with cash, but any insufficiency in the sign or any conduct by the authority which prevented him from in his procedural due process right up to the hearing. Then he's making another argument, which is that this is a strict liability offense and those sorts of excuses aren't accepted. That would then be a challenge to the substantive requirements of what constitutes a toll violation, which are in the Toll Highway Act and then the authority's regulations, and that would be conducted under a rational basis analysis, and the analysis would probably come very close to what's analysed in Idris, which considered whether a similar ordinance which imposed a liability for driving through a red light or making an illegal turn, regardless of fault, satisfied due process, and it was rationally related to a legitimate interest in here. This system would pass rational basis review because it places a burden on the drivers to comply with the toll requirements. It reduces administrative costs, and imposing some sort of an intent requirement would be very difficult to enforce as well because any driver who missed the toll could then just say, well, I didn't mean to. And Cochran also talks a little bit about vagueness. He claims he raises vagueness, but a void for vagueness challenge goes to the, asks the question of whether the statute and regulations aren't constitutionally vague, and here the prohibited conduct is clearly defined as going through a toll collection point without paying the tolls. And any other claims or arguments which he wanted to make regarding the sufficiency of the signs could have been raised as a defense at the hearing. And just turning to equal protection, the authority's policy of allowing only I-pass users an opportunity to avoid a fine by paying a missed toll within 21 days of receiving the notice is rationally related to the valid interest in promoting transponder use. It provides a benefit to I-pass users and therefore creates an incentive to create and maintain a valid I-pass account. And unless your honors have any further questions, I would ask that you affirm the district court's order. Does your website have pictures of the signs? I'm not aware if they have the pictures of the signs, the specific signs. No, your honor. I would have to check on that. But if you go onto the website, I believe there is a way to figure out if you have missed a toll, which toll you've missed, and then to pay that missed toll online and thereby avoid a fine. Thank you. Thank you very much. The case is taken under advisement. With your argument now.